FILED
2008 Sep-08 PM 01:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JIMMY HUGHES,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No.: |
| **LHR, INC.,** | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Debt Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete

---

[1] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

5. The Plaintiff, Jimmy Hughes ("Plaintiff"), is a natural person who resides within this Judicial District.

6. Defendant LHR, Inc. ("Defendant" or "LHR") is a foreign company that engages in the business of debt collection and reporting consumer credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is the State of New York and it is incorporated in New York.

**Factual Allegations**

7. At least as early as August 15, 2007, Defendant knew[2] that Plaintiff Hughes disputed this debt as not his because he was a victim of fraud (ID theft).

8. With this knowledge, Defendant did not investigate this matter but instead filed suit against Plaintiff Hughes in the wrong county – Jefferson County.

9. Plaintiff Hughes had to file a motion to transfer the case to Tuscaloosa County which the Jefferson County District Court granted.

10. On or about February 8, 2008, Plaintiff Hughes filed an answer denying the complaint.

11. The next month Defendant LHR updated all three credit reporting agencies (Equifax, Experian, and Trans Union) but did not list the account as being disputed as required by the FDCPA.

12. Instead of dismissing this meritless suit, Defendant LHR continued to pursue the case against Plaintiff Hughes.

---

[2] Defendant acted by and through its attorneys at the collection firm of Zarzaur & Schwartz, P.C.

13. Finally, Plaintiff Hughes wrote a letter to Defendant LHR on or about May 31, 2008, telling Defendant LHR to dismiss the case with prejudice.

14. Instead of acknowledging its wrongdoing and dismissing the case with prejudice, Defendant LHR filed a motion to dismiss the case <u>without</u> prejudice.

15. Dismissing the case without prejudice would allow Defendant LHR to sue Plaintiff Hughes again and, as importantly, it would not be a judgment on the merits as a dismissal with prejudice would be in Alabama.

16. On June 24, 2008, the Tuscaloosa County District Court properly denied the motion to dismiss stating the court could "not dismiss without prejudice once an answer is filed unless by agreement."

17. The case was set for trial on July 7, 2008.

18. At all times Plaintiff was prepared for trial.

19. Before the trial date, Defendant LHR contacted several third parties and left messages and spoke with them about this debt in violation of the FDCPA as Defendant LHR had contact information for Plaintiff Hughes as it was in litigation with him.

20. Defendant LHR even made calls to the same third parties after being told that Plaintiff Hughes did not live at the residence of the third parties.

21. Some of these calls were made to third parties by use of an auto dialer.

22. At trial, Plaintiff Hughes showed up with a lawyer that he hired.

23. At the trial of this meritless case, which Defendant LHR knew concerned a fraudulent account, which Defendant LHR refused to dismiss with prejudice, Defendant LHR <u>refused to even show up to present any evidence</u>.

24. The order entered the next day, July 8, 2008, states "The above referenced matter has been dismissed with prejudice. The plaintiff <u>failed to appear at trial</u>." See Exhibit "A".

25. The conduct of Defendant LHR throughout the collection of this account and the litigation of this fraudulent debt shows malice, lack of probable cause, and a shocking willingness to violate both Federal and State law.

26. Defendant LHR is part of a growing number of serial litigants who flood this state with collection suits with no intention of ever offering a shred of proof or evidence to support the allegations. The premise is

that most consumers will default and those that don't will be dismissed without prejudice so another suit can be filed with the hope of a default judgment on the second suit.

27. Plaintiff did not and does not owe this money to Defendant LHR or to the alleged original creditor if Defendant actually has purchased this debt.

28. The debt being collected is a consumer debt as defined by the FDCPA.

29. Plaintiff is a "consumer" as defined by the FDCPA.

30. Defendant LHR is a "debt collector" as defined by the FDCPA.

31. Plaintiff repeatedly told Defendant LHR that this was not his debt.

32. Plaintiff also requested that Defendant drop the lawsuit against him but Defendant refused to do so and instead Plaintiff was forced to go to trial on July 8, 2008, which resulted in the state court ruling in favor of Plaintiff Hughes.

33. The judgment in favor of Plaintiff means he does not owe the money claimed by Defendant.

34. The state court ruling was a final judgment in favor of Plaintiff.

35. This final judgment was not appealed.

36. There is no avenue for appeal for Defendant of this judgment as the time to appeal has passed.

37. Defendant maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to the Defendant either filing and/or pursuing this bogus state court claim in an effort to extort money from Plaintiff on a debt he did not and does not own.

38. The conduct of the Defendant has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

39. Based upon information and belief, it is a practice of the Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

40. All actions taken by the Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its action would very likely harm Plaintiff and/or that its action was taken in violation of the FDCPA and/or state

law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law and therefore. Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by the Defendant and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

42. Defendant LHR violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Suing the Plaintiff when there was no basis to do so;

    b. Suing the Plaintiff in the wrong county;

    c. Failed to mark his credit file as disputed when updating it after the Defendant LHR knew that Plaintiff Hughes disputed the debt;

    d. False credit reporting;

    e. Continuing to assert the suit in state court when Defendant LHR knew, or should have known, there was no basis for doing so;

    f. Contacting third parties in an attempt to collect the debt;

  g. Using auto dialers in contacting third parties; and

  h. Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant LHR is not entitled to collect upon.

43. Because of the violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Negligence

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

45. Defendant acted with negligence in its dealings with and about Plaintiff as set forth in this Complaint including suing Plaintiff and continuing to sue Plaintiff when Plaintiff does not and did not owe Defendant any money.

46. It was foreseeable, and Defendant did in fact foresee it, that its conduct would cause the exact type of harm suffered by the Plaintiff.

47. The Defendant acted with negligent conduct in attempting to collect this debt.

48. Such negligence proximately caused the damages set forth in this complaint.

49. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### Wantonness

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

51. Defendant acted with wantonness in its dealings with and about Plaintiff as set forth in this Complaint, including suing Plaintiff and continuing to sue Plaintiff when Plaintiff does not and did not owe Defendant any money.

52. The Defendant acted with wanton conduct in attempting to collect this debt.

53. Such wantonness proximately caused the damages set forth in this complaint.

54. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

### FOURTH CLAIM FOR RELIEF
### Malicious Conduct

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

56. Defendant acted with malice in its dealings with and about Plaintiff as set forth in this Complaint, including suing Plaintiff and continuing to sue Plaintiff when Plaintiff does not and did not owe Defendant any money.

57. The Defendant acted with malicious conduct in attempting to collect this debt.

58. Such malice proximately caused the damages set forth in this complaint.

59. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

### FIFTH CLAIM FOR RELIEF
### Intentional Conduct

60. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

61. Defendant acted with intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint, including suing Plaintiff and continuing to sue Plaintiff when Plaintiff does not and did not owe Defendant any money.

62. The Defendant acted with intentional conduct in attempting to collect this debt.

63. Such intentional conduct proximately caused the damages set forth in this complaint.

64. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## SIXTH CLAIM FOR RELIEF
### Malicious Prosecution and Abuse of Process

65. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

66. Defendant instigated and continued to prosecute an unjustifiable and unreasonable civil action upon Plaintiff with malice.

67. The state court lawsuit brought by Defendant LHR against Plaintiff was without probable cause and had no reasonable grounds on which to base a belief that Defendant LHR therein would prevail on the merits.

68. The state court lawsuit brought by Defendant LHR against Plaintiff was instituted and prosecuted with malicious intent.

69. The state court lawsuit was brought for an improper purpose – to extort money out of Plaintiff that he did not owe by bringing the weight of the courts down on Plaintiff.

70. The Defendant had an ulterior purpose – extorting payment – that it tried to impose against Plaintiff by improperly using the state court system.

71. The state court lawsuit brought by Defendant against Plaintiff was ultimately terminated in favor of the Plaintiff as the Plaintiff won the case.

## SEVENTH CLAIM FOR RELIEF
### Defamation

72. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

73. Defendant intentionally and maliciously published false and defamatory information related to the Defendant's account by suing Plaintiff and publicly saying that Plaintiff owed Defendant and had defaulted in Plaintiff's obligations. Defendant has refused and failed to have the state suit removed or to put a document in the court file retracting the false and defamatory claims made against Plaintiff.

74. Defendant also told or suggested to third parties that Plaintiff owed a debt which was false and harmful to Plaintiff.

75. Plaintiff has been damaged as a proximate result of the Defendant's wrongful conduct as set forth in this Complaint.

## EIGHTH CLAIM FOR RELIEF
### Invasion of Privacy

76. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

77. Defendant invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

78. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

79. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

80. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff.

81. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

82. Plaintiff had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

83. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

84. Plaintiff has been damaged as a proximate result of the Defendant's wrongful conduct as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B. Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

LHR, Inc.
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

# EXHIBIT

# "A"



ELECTRONICALLY FILED
7/8/2008 10:35 AM
DV-2008-000213.00
DISTRICT COURT OF
TUSCALOOSA COUNTY, ALABAMA
ELIZABETH HAMNER, CLERK

IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| LHR INC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:   DV-2008-000213.00 |
| | ) | |
| HUGHES JIMMY, | ) | |
| Defendant. | ) | |

ORDER

THE ABOVE REFERENCED MATTER HAS BEEN DISMISSED WITH PREJUDICE. THE PLAINTIFF FAILED TO APPEAR AT TRIAL.  COSTS TAXED TO PLAINTIFF.

DONE this 8th day of July, 2008

/s JOEL R CHANDLER

DISTRICT JUDGE